THE STATE OF KANSAS V. DOMINIC CASTIGNO.

No. 14,178.   (80 Pac. 630.)

Appeal from Cherokee district court; WILLIAM B. GLASSE, judge.   Opinion filed April 8, 1905.   Affirmed.

*Al. F. Williams,* county attorney, and *H. C. Finch,* deputy county attorney, for The State.

*Tracewell & Moore,* for appellant.

*Per Curiam:*   The testimony of the witness introduced by the state, Tom Bramlette, was of doubtful admissibility when he related what was said by Robinson to Castigno in the former's bedroom. After the witness had testified that he took the appellant into the presence of Robinson he was asked to "go on and tell what happened." The question was objected to, and the objection overruled, defendant saving an exception. The witness then answered at length, giving the statements of Robinson in the presence of defendant. No motion was made to strike out the answer, which was the proper method to raise the question of the admissibility of the statements made by Robinson. The question asked and objected to conveyed no suggestion to the court that the answer to it might not be competent, for which reason the court did not err in overruling the objection to it.

The objection that the same witness was not permitted to testify whether of his own knowledge he knew there was blood on the knife is without merit. Just before the question to which the objection was sustained the witness testified as follows, without objection from counsel for the state:

"Ques. Do you know what they were of your own knowledge? Ans. Yes, sir; I believe that I do.

"Q. What would you say they were? A. Blood-spots.

. . . . . . . .

"Q. Then, as a matter of fact, you don't know whether or not it was blood, do you? A. I believe I can tell blood when I see it."

The question to which the objection was sustained having been already answered, the defendant was not prejudiced. (*Marshall v. Marshall, ante,* p. 313.)

The testimony of the witness Peak was properly received. He testified that what was told to him by appellant was the result of no threats, promises or inducements of immunity whatever.

The judgment of the court below is affirmed.